UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-20080-TP-HURLEY

UNITED STATES OF AMERICA,

v.

DONALD SENIOR,

Defendant.
_____/

FILED by _____ D.C.

OCT 0 4 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

The Defendant, DONALD SENIOR, appeared before the Court on October 3, 2013, for a final hearing on his alleged violation of supervised release. In 2010, Defendant was convicted in the Eastern District of Pennsylvania of re-entry after deportation, in violation of 8 U.S.C. § 1326(a) (Count 1), making a false claim to United States citizenship, in violation of 18 U.S.C. 911 (Count 2), and making a false statement, in violation of 18 U.S.C. § 1001 (Count 3). [Gov't Ex. 2]. On November 22, 2010, United States District Judge Anita B. Brody sentenced Defendant to time served followed by three years of supervised release. *Id.* Defendant commenced supervised release immediately thereafter. On July 30, 2013, jurisdiction was transferred to the Southern District of Florida, and this matter was assigned to District Judge Daniel T.K. Hurley.

Defendant is now charged with violating a mandatory condition of his supervised release by failing to refrain from a violation of the law by illegally re-entering the United States on or about August 19, 2012, after he had been deported, in violation of 8 U.S.C. 1326(b)(1). [DE 3]. On January 3, 2013, in case number 12-cr-60203-Hurley, United States District Judge Daniel T.K. Hurley sentenced Defendant to one year and one day in prison, followed by two years of

supervised release, after Defendant pled guilty to illegal re-entry after deportation. *Id.* Judge Hurley also ordered as a special condition that Defendant be surrendered to the custody of U.S. Immigration and Custody Enforcement for removal proceedings. *Id.*

## FINAL HEARING

At the October 3, 2013 final hearing, the Court admitted two documents into evidence as Government's Exhibits 1 and 2. Government's Exhibit 1 is a copy of the judgment in a criminal case for case number 12-cr-60203-Hurley, which establishes that Defendant pled guilty to the charge of illegal re-entry after deportation on October 22, 2012, and was sentenced in the Southern District of Florida on January 3, 2013. Government's Exhibit 2 is a copy of the judgment in a criminal case for case number DPAE2: 10CR000463-001 in the Eastern District of Pennsylvania. According to the Government's evidence, Defendant's supervised release in the Pennsylvania case does not terminate until November 2013. Since Defendant illegally re-entered the United States in August 2012, the Government contended at the hearing that Defendant clearly violated his supervised release.

Defendant's sole argument at the hearing was that the District Judge in the Eastern District of Pennsylvania could have only sentenced Defendant to one year of supervised release as to each of the first two counts for which he was convicted. As to Count 3, Defendant acknowledged that the District Judge could have sentenced Defendant to three years of supervised release. According to Defendant, since the District Judge failed to state in the judgment which portion of the supervised release term was attributed to which count, the District Judge must have illegally sentenced Defendant as to the first two counts when it sentenced Defendant to a three-year term of supervised release. In other words, Defendant takes issue with the Eastern District of Pennsylvania District Judge's failure to state in the judgment whether the supervised release term

2

consisted of three one-year terms that ran consecutively, or one three-year term that ran concurrently with two one-year terms, or any other possible permutation or combination. In essence, Defendant argues that he could not have violated supervised release as to Counts 1 and 2 because the alleged violation occurred more than one year after Defendant began his supervised release term, and, therefore, the Court has no jurisdiction to violate Defendant as to Counts 1 and 2. Defendant does agree, however, that the Court does have jurisdiction to violate him on Count 3, since a supervised release term of three years was legally authorized for Count 3.

The Government argued that Defendant should have appealed his sentence or filed a motion for collateral review if he thought that his sentence was illegal. Defendant asserted in response that a defendant can raise an illegal sentence at any point in the proceedings. Defendant also stated that *U.S. v. Okoko*, 365 F. 3d 962 (11th Cir. 2004), supports his position that the Court lacks jurisdiction to proceed with determining whether he violated supervised release as to the first two counts. Defendant asserted that, in *Okoko*, the defendant had not appealed the underlying sentence when he argued that the underlying sentence was illegal for the first time at the violation of supervised release hearing. Therefore, Defendant claimed, his failure to challenge the underlying sentence as illegal does not bar him from making such an argument now. According to Defendant, however, there would be no effect on his sentence if he violated supervised release as to all three counts or just as to Count 3.

Defendant's argument is a novel one, but it makes a distinction without a difference. The fact of the matter is that Defendant was lawfully sentenced to three years of supervised release. Count 1 authorized the District Judge to impose one year of supervised release; Count 2 authorized the District Judge to impose one year of supervised release; and Count 3 authorized the District Judge to impose a three-year term of supervised release. Therefore, the Court could have

3

lawfully imposed a five-year term of supervised release, but only imposed a three-year term of supervised release. It is not necessary for this Court, at this juncture in the case, to parse the counts upon which the supervised release is based. It is enough that the Court imposed a lawful three-year term of supervised release and that the Government proved by a preponderance of the evidence that Defendant violated his supervised release prior to the expiration of the three-year term.

## RECOMMENDATION

In light of the evidence presented and the parties' argument at the final hearing, this Court concludes, by a preponderance of the evidence, that Defendant violated a mandatory condition of his supervised release by violating the law while on supervised release. As to the proof for the supervised release violation, Defendant pled guilty to illegally re-entering the United States and was sentenced. Since the Government has shown that the crime occurred while Defendant was on supervised release, it has met its burden. Thus, the Court concludes that Defendant committed the supervised release violation.

The Court also finds Defendant's argument that this Court can only make a finding that Defendant violated his supervised release as to the Counts 1 and 2 of the prior conviction to be without merit. The parties agree that there is no effect on Defendant's sentence whether the Court finds that Defendant violated his supervised release as to one count or all three counts of the underlying conviction. Moreover, the District Judge in the Eastern District of Pennsylvania could have constructed a legal sentence consisting of a three-year term of supervised release in several different manners even if she failed to explain the sentence in detail in the judgment. Therefore, the Court does not find that Defendant's argument holds any merit.

Thus, the Court **RECOMMENDS** that the District Judge find Defendant guilty of

violating a mandatory condition of his supervised release. The Court further **RECOMMENDS** that the matter be set down for sentencing before the District Judge.

The Clerk is **DIRECTED** to set this matter before the sentencing calendar of the Honorable United States District Judge Daniel T.K. Hurley.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T.K. Hurley, within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of October, 2013.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE